UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **ZAKIAH RAHMAN** | **CIVIL ACTION** |
| **VERSUS** | **NO. 22-799-JWD-EWD** |
| **TRISURA SPECIALTY INSURANCE COMPANY, ET AL.** | |

**<u>OPINION</u>**

After independently reviewing the entire record in this case and for the reasons set forth in the Magistrate Judge's Report dated July 31, 2023 (Doc. 13), to which an objection was filed and considered (Doc. 14), as well as the proposed Amended Notice of Removal (Doc. 15-2), which was also considered,

Since Federal courts are to presume that cases lie outside their jurisdiction, such that any doubt about the existence of subject matter jurisdiction is resolved in favor of remand.[1] Even if he were permitted to clarify his own citizenship,[2] the amount in controversy is not facially apparent from the Petition and, despite the summary judgement-type evidence submitted with the original and amended Notice of Removal (and even considering the additional information the Joint Status Report), Ahlberg has not met his burden of proving by a preponderance of the evidence that the amount in controversy likely exceeds $75,000, exclusive of interest and costs.[3]

---

[1] Howery v. Allstate Ins. Co., 243 F.3d 912, 916 (5th Cir. 2001) (citations omitted); Gasch, 491 F.3d at 281-82. See also Manguno, 276 F.3d at 723 ("[A]ny ambiguities are construed against removal because the removal statute should be strictly construed in favor of remand.").

[2] 28 U.S.C. § 1653 provides that "[d]efective allegations of jurisdiction may be amended, upon terms, in the trial or appellate courts.

[3] "Because Ahlberg has not shown by a preponderance of the evidence that the amount in controversy likely exceeds the jurisdictional amount, the Court has no need to consider whether Plaintiffs can show to a legal certainty that they will not be able to recover in excess of that amount." Medina v. Allstate Vehicle and Property Insurance Company, 458 F. Supp.

Accordingly,

**IT IS ORDERED** that this matter is **REMANDED** to the Twenty-Third Judicial District Court for the Parish of Ascension, State of Louisiana for lack of subject matter jurisdiction.

Signed in Baton Rouge, Louisiana, on <u>August 15, 2023</u>.

_____
**JUDGE JOHN W. deGRAVELLES**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**

---

3d 591, 601 (W.D. Tex. May 1, 2020).